Filed 7/28/25  P. v. Warren CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMIL LANIER WARREN,<br><br>    Defendant and Appellant. | 2d Crim. No. B339099<br>(Super. Ct. No. SA101416)<br>(Los Angeles County) |

Jamil Lanier Warren appeals from an order resentencing him to 14 years and eight months in state prison.

In February 2023, an amended information charged Warren with murder with personal use of a deadly and dangerous weapon (Pen. Code,[1] §§ 187, subd. (a); 12022, subd. (b)(1); count 1), voluntary manslaughter with personal use of a deadly and dangerous weapon (§§ 192, subd. (a), 12022, subd. (b)(1); count 2), assault with a deadly weapon with personal

---

[1] Further unspecified statutory references are to the Penal Code.

infliction of great bodily injury on a child under five years of age (§§ 245, subd. (a)(1), 12022.7, subd. (d); count 3), misdemeanor criminal threat (§ 422, subd. (a); count 4), and misdemeanor infliction of harm against an elder (§ 368, subd. (b)(1); count 5). Warren pleaded no contest to counts two through five. The court dismissed count 1.

In December 2023, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court. Among other things, CDCR informed the court that the abstract of judgment and minute order incorrectly reflected the sentence for count 3. The court considered CDCR's letter at a hearing. Defense counsel informed the court that the enhancement attached to count 3 should have been pursuant to section 12022.7, subdivision (c) (great bodily injury of an elder), and not subdivision (d) (great bodily injury of a child). The parties agreed the enhancement in count 3 should be changed to subdivision (c) of section 12022.7. And at another hearing in May 2024, the parties agreed the sentence for the section 12022.7, subdivision (c) enhancement for count 3 would be one year eight months (one-third of five years).

We appointed counsel to represent Warren in this appeal. After counsel's examination of the record, counsel filed an opening brief raising no issues. We advised Warren that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. On June 2, 2025, Warren filed a supplemental brief in which his sole contention was that there was a "clerical error" as to the great bodily injury enhancement on count 3. He contends the enhancement imposed was under section 12022.7, subdivision (d) "when it should be 12022.7 [subdivision] (c)." However, the trial court corrected this

2

clerical error upon resentencing, and vacated the previous sentencing order which included the error. The corrected abstract of judgment and minute orders correctly reflect he was sentenced to a great bodily injury enhancement under section 12022.7, subdivision (c).

We have reviewed the entire record and are satisfied that counsel has fully complied with their responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.



YEGAN, J.



3

Joseph J. Burghardt, Judge

Superior Court County of Los Angeles

_____

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.